## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5**

**No. 22-800** (Kanawha County 21-JA-235, 21-JA-236, 21-JA-237, 21-JA-238, and 21-JA-239)

## MEMORANDUM DECISION

Petitioner Mother A.T.-6 [1] appeals the Circuit Court of Kanawha County's September 23, 2022, order terminating her parental rights to A.T.-1, A.T.-2, A.T.-3, A.T.-4, and A.T.-5.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On April 30, 2021, the DHS filed an abuse and neglect petition alleging that petitioner had a history of drug use, including heroin and methamphetamine, and that the home she shared with the five children and the father was deplorable and unsanitary. Child Protective Services ("CPS") investigated the allegations and prepared a protection plan, which petitioner refused to sign or discuss with the CPS worker. According to the petition, petitioner went into the home where she "took the food stamp card, [Women, Infants, and Children] card, car seats and debit card, leaving [the father] with no money whatsoever." The CPS worker and police officer present at the home then purchased car seats for the father to use. Upon the conclusion of the protection plan, a CPS worker was informed that petitioner refused to tell anyone where she was living, and the children reported to the police officer that petitioner's boyfriend had given petitioner a gun when they were in the home together. Petitioner was arrested in April 2021 on an outstanding warrant for domestic

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Jennifer R. Victor appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children and petitioner share the same initials, we have included numbering to differentiate them.

violence against the father. According to the petition, the children reported going hungry when their father was not home, petitioner kicking them, petitioner punching one child in the stomach, and witnessing petitioner committing domestic violence against the father. It further alleged that both parents failed to provide the children with necessary food, clothing, supervision, and housing, which placed the children at risk of harm.

In the May 13, 2021, preliminary hearing order, the circuit court checked a box ordering that a psychological evaluation be conducted and that petitioner follow all recommendations resulting from that evaluation. Petitioner stipulated to the allegations in the petition, and the court ordered her to participate in parenting and adult life skills classes, undergo a substance abuse evaluation, and submit to random drug screening. At the conclusion of the July 15, 2021, adjudicatory hearing, the circuit court found clear and convincing evidence that petitioner was not cooperative with services and had stopped participating in random drug screening. It further found that petitioner did not take responsibility for the physical abuse of the children or the father and, instead, blamed her abusive boyfriend for all of the allegations contained in the petition.[3] On August 5, 2021, petitioner filed a one-sentence motion for an improvement period that simply requested a post-adjudicatory improvement period without setting forth any facts or basis for that request.

The court conducted petitioner's dispositional hearing on September 30, 2021, during which a DHS worker testified that petitioner did not participate in drug screens as ordered and did not complete any type of drug rehabilitation program. He also testified that petitioner did not contact the DHS to request services and did not have housing at the time of the hearing. Petitioner testified during the hearing and admitted telling a service provider in August 2021 that she used methamphetamine in the weeks prior to their meeting. She tested positive for methamphetamines and amphetamines on September 30, 2021, October 8, 2021, and November 12, 2021. She did not participate in drug screenings after that date. The circuit court originally terminated petitioner's parental rights in a disposition order entered on December 17, 2021. Petitioner appealed, and this Court vacated that order and remanded the matter to the circuit court, directing the circuit court to enter a new final order within thirty days. *In re A.T.-1*, No. 22-0033, 2022 WL 3959685 (W. Va. Aug. 31, 2022)(memorandum decision).

In its September 23, 2022, amended dispositional order, the circuit court found some of petitioner's conflicting testimony during the disposition hearing to be "incredible, impossible, convoluted, conflicting, disingenuous, and false." In particular, petitioner testified that she did not have a substance abuse issue but continued to test positive for illegal substances; she testified that she did not leave drug treatment against medical advice but failed to complete the programs she entered; no evidence was submitted to support her testimony that she participated in any of the inpatient or outpatient programs she referenced at disposition; and she testified that she was working five to ten hours per day while doing drug treatment for three hours per day, four days a week, while during that same seven day period she missed work because she was hospitalized for dehydration and attended a funeral. The court found that testimony demonstrated it was unlikely petitioner would benefit from an improvement period. In addition, the court noted that petitioner's

---

[3] The DHS later filed an amended petition that included additional allegations against petitioner.

failure to fully participate in court-ordered services and drug treatment demonstrated it was unlikely she would fully participate in an improvement period. Importantly, the court determined that there was no reasonable likelihood the conditions of abuse and neglect, which led to the filing of the petition, can be substantially corrected in the near future due to petitioner's failure to fully comply with services and drug treatment. The court, therefore, denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights.[4] Petitioner appeals from that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In her appeal, petitioner raises a single assignment of error, that the circuit court erred by terminating her parental rights without granting her a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she participated in her parenting and adult life skills classes and points out that while she was ordered to complete a psychological evaluation, that evaluation was never scheduled. She claims she was never given the opportunity to show she could comply with an improvement period. She also contends that at the time of the dispositional hearing, she was employed, had appropriate housing, and was complying with services.

As this Court has found, a circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). It is clear under the facts of this case that awarding petitioner an improvement period would have been an exercise in futility, as she refused to acknowledge her substance abuse and domestic violence issues. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." (citation omitted)). Although the circuit court ordered petitioner to undergo a psychological examination, which the DHS failed to schedule, we find no error in the circuit court's conclusion that petitioner's refusal to fully participate in services, random drug screening, and drug treatment indicates she would not be cooperative during a psychological evaluation. That conclusion is further supported by its finding that petitioner's "untruthful testimony during the proceeding indicate[s] she would not be truthful during a psychological evaluation."

In addition, to the extent petitioner assigns error to the termination of her parental rights, the same facts and circumstances that justified the circuit court's denial of petitioner's motion for an improvement period also support termination. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error in termination. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 23, 2022, order is hereby affirmed.

---

[4] The father's parental rights were also terminated. The permanency plan for the minor children is adoption by their respective foster families.

3

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn